228     APPELLATE COURTS OF ILLINOIS.

Granite City Lime & Cement Co. v. Pitzman, 161 Ill. App. 228.

## Granite City Lime & Cement Company, Appellee, v. Julius Pitzman et al., Appellants.

MECHANIC'S LIENS—*who not encumbrancers within meaning of section 16 of act of 1903.* Trustees making a contract for the sale and conveyance of land upon certain payments of money being made, who knowingly permit improvements to be made on said land by the vendee prior to making such payments, are not encumbrancers within the meaning of section 16 of the act of 1903, but their rights, as against a lien claimant, are fixed and defined by section 1 of said act.

Mechanic's lien. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

KOERNER & KOERNER, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On August 1, 1907, appellants, Julius Pitzman and Charles D. McClure, together with another person, since deceased but succeeded in interest by appellant, L. M. Rumsey, Jr., held title as trustees for the Cool Land Syndicate of certain lots situated in the southern extension of Granite City, Illinois. They had theretofore sold and conveyed lot No. 22 in block B of said extension, to Sava N. Varneff and Minco Pinoff, and those parties had gone into possession of the same. On the date above mentioned, the said Pinoff and Varneff entered into a written contract with said trustees, whereby the latter in consideration of a cash payment of $350, and the further payment of $600, to be paid in monthly installments of $30 per month, agreed to convey lot No. 1 in Block B of said extension to said Pinoff and Varneff by warranty deed, when the full purchase price was paid. Said lot No. 22 was

on the west side of said block B and fronted towards the west and said lot No. 1 on the east side thereof and fronted east, the two being separated by a 15 foot alley. Before the contract to purchase said lot was entered into, Varneff and Pinoff informed the agent of appellants that they wanted to proceed at once to build on lot 1 before it was paid for and before they obtained a deed therefor. The agent informed the trustees of such desire, and was authorized by them to give Pinoff and Varneff permission to take immediate possession of said lot and erect such a building as they desired. Shortly afterwards, Varneff and Pinoff made arrangements to build on said lot No. 1 and at the same time to complete or make some additions to a building they had previously erected upon said lot No. 22 and with both these objects in view, purchased from appellee certain building material, such as lime, cement, sand, stone and brick, to be used on both lots in making said additions and erecting said new building. The total bill for material purchased of appellee amounted to $593.26, upon which a payment was made of $47.20. Some of the material furnished consisted of tiles, the bill for the same amounting to $13, which were used on lot 22, and the rest of the material purchased of appellee was used in erecting a foundation on said lot No. 1. Said foundation was put in with the knowledge and consent of appellants' agent, who passed by the lot very many times while the same was being constructed.

Appellee continued to deliver said material until September 10, 1907, when the purchasers of the same, being unable either to pay for the same or complete their work, refused to accept any more. Appellee, to collect its debt for the material furnished, on November 29, 1907, filed in the office of the circuit clerk of Madison county a claim for lien properly verified, which claim for lien was based on one entire contract for the material on both lots. There was an itemized

statement attached to the claim for lien, which was shown to be correct, but neither the affidavit nor the itemized statement incorporated therein, disclosed what part of the material was delivered to and used upon lot 22, and what part was delivered to and used upon lot 1. Afterwards on April 17, 1909, appellee filed its petition for a mechanic's lien against both lots, treating the claim as based on one entire contract for the material for both lots, the same as stated in the claim for lien filed in the office of the clerk of the Circuit Court.

The cause was referred to the master in chancery, who found that $533.06 of the material claimed for had been used on lot 1 and $13 worth on lot 22. Appellee dismissed its claim for the $13 on lot 22 and a decree was thereupon entered by the court in its favor for $533.06 against lot No. 1. From this decree an appeal was taken by said trustees alone, the other defendants to the bill, some six in number, not appealing.

There is no contention that the material was not furnished as claimed, nor that the claim of lien and petition were not filed in apt time, but appellant insists the decree should not be entered against their interest in lot 1, because (1st) the relation of appellants to said lot was the same as that of an encumbrancer and they should be accorded the same rights and priorities that are accorded to encumbrancers under similar circumstances; (2nd) because such a lien is indivisible and is therefore improperly filed against two separate and distinct lots of land, owned by separate and distinct parties; (3rd) because the claim filed and petition in the case, do not attempt to separate the items which went into lot 1 from those which went into lot 22; and (4th) because the court improperly admitted evidence on the trial as to what portion of the materials went into the improvements on lot No. 1 and what part into the improvements on lot 22, for the reason that there was no allegation in

the petition upon which such evidence could be based.

If appellants should in law be treated as encumbrancers of the property in question, then their rights are determined by section 16 of the mechanic's lien law of 1903, which provides that "all previous encumbrancers shall be preferred to the extent of the value of the land at the time of making the contract and the lien creditor shall be preferred to the value of the improvements erected on said premises." If, however, appellants are to be treated as the owners of the land, their rights and interests in the premises under the mechanics' lien law are altogether different.

It appears plain from the contract of sale and purchase entered into between appellants on the one part and Varneff and Pinoff on the other, that appellants were to remain the owners and retain the title to the premises until the same were fully paid for. This contract differs even from a bond for a deed and does not recite a sale of the property from the trustees to Pinoff and Varneff but only purports to be an agreement on the part of the former to convey the premises to the latter after certain payments had been made.

It was shown by the evidence, and found by the decree, that the work of construction on said lot No. 1 was authorized and knowingly permitted by the trustees and that they authorized and knowingly permitted Pinoff and Varneff to contract for the supplies and building material thereon.

Section 1 of the mechanics' lien law provides, that any person who shall by contract "with the owner of a lot, or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same," and furnish material for such purpose, shall have a lien, etc., for the same.

In Wertz v. Mulloy, 144 Ill. App. 329, it was held that the words "authorized or knowingly permitted" above referred to, apply to the owner of the premises,

even though the person who contracted to have the improvements made, had some interest or estate therein.

As appellants were the real owners and had the title to the lot in question, and as they authorized and knowingly permitted the contract for the improvements to be made, their interest in the premises must be held to be subject to the lien given appellee by the statute for materials furnished for the improvement of the same.

The other objections urged to the decree, as above stated, are substantially the same and should be considered together. It is true that the two lots were owned by different parties and that there was no attempt to separate the items to show which materials went to lot No. 1 and which went to lot No. 22. Had there been a decree, giving appellee a lien upon both of said lots for the materials furnished, the question thus presented would be a matter for serious consideration, but as it appeared on the trial that only one item of the materials furnished, amounting to $13, was used on lot No. 22, and as appellee waived the right to a lien upon said lot and the decree only established a lien in favor of appellee upon lot No. 1, said objections do not appear to us to be substantial or well founded.

We are also of opinion that the court properly admitted evidence that the item covered by the $13 was purchased for and used upon lot No. 22, for the reason that such evidence disclosed the true facts in the case and gave the court information which was of valuable assistance in arriving at a proper decree. The decree of the trial court will be affirmed.

*Affirmed.*